UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-3391-WTL-TAB |
| ) | |
| COLUMBUS POLICE DEPARTMENT, ) | |
| JAMES LIENHOOP, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Plaintiff's Motion for Joinder; Granting Motion to Dismiss;
Dismissing All Remaining Claims;
and Directing Plaintiff to Show Cause**

**I. Discussion of the Complaint and Pending Motions**

This action was commenced by removal from state court. Plaintiff was not then incarcerated. He had asserted, *pro se*, three claims against the Columbus Police Department and Columbus Mayor James Lienhoop. The complaint escaped initial screening because plaintiff was not a prisoner and was not proceeding *in forma pauperis*. Defendants have answered and a pretrial schedule has been entered, and several motions to join claims have been denied.

The Court has the inherent authority to dismiss legally insufficient claims. *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service. . . .") (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). It is in reliance on this inherent authority that the Court now discusses plaintiff's claims.

Plaintiff's complaint, originally filed in state court, alleged that the Columbus Police Department and Columbus Mayor James Lienhoop were liable to him because he was falsely

1

arrested on November 1, 2016, for violating a protective order that had been dismissed in September, and he was falsely imprisoned on November 2, 2016, as a result of the same false arrest. A second claim in the same action alleged that plaintiff was racially profiled on November 16, 2016, in a Taco Bell parking lot by the Columbus Police Department. A third claim asserts that the Columbus Police Department was negligent for not clearing its database of invalid information that could lead to false arrests and imprisonments and therefore it violated plaintiff's constitutional rights. *See* dkt. 1, ex. 4, pp. 3-4.

Plaintiff also alleged the Columbus Police Department unlawfully subjected him to a forced blood draw at the Columbus Regional Hospital on November 1, 2016. *Id.* The same allegation is the operative claim in *Mercado v. Maddix*, No. 1:17-00918-TWP-MPB (S.D. Ind. filed March 24, 2017).

Plaintiff now moves the dismissal of his first claim concerning the incidents on November 1, 2016. He informs the Court that he recently learned the names of the officers and wants to pursue those claims in the case cited above, No. 1:17-cv-00918-TWP-MPB. It appears from plaintiff's recitation of facts in both cases that these claims arose from the same incident, although he failed to identify proper defendants in this case. Plaintiff's motion to dismiss all claims arising from the incidents on November 1 and 2, 2016, dkt. [27], is **granted**.

What remains in this action is plaintiff's claim that he was racially profiled in a Taco Bell parking lot by the Columbus Police Department on November 16, 2016. Plaintiff's "motion for joinder [of] claim" actually seeks to clarify the claim into one of illegal search and seizure and a violation of due process. However, he still does not know the identity of the police officer involved in this incident. The Columbus Police Department is not a suable entity, *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997), and there are no allegations that Mayor James Lienhoop was

personally involved. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (in section 1983 actions, liability is dependent on personal participation).

Even adding a John Doe defendant would be ineffective. "[I]t is pointless to include [an] anonymous defendant . . . in federal court; this type of placeholder does not open the door to relation back under *Fed. R. Civ. P*. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

It would therefore be fruitless to grant plaintiff's "motion for joinder" because he does not identify a suable defendant. The motion for joinder, dkt. [26], is **denied**. In addition, the claim against the Columbus Police Department and Mayor Lienhoop is dismissed for failure to state a claim upon which relief may be granted.

Finally, plaintiff alleged in his complaint that the Columbus Police Department neglected to update its database and that invalid information therein caused his false arrest. *See* dkt. 1, ex. D (attachment 4), p. 4. The Columbus Police Department is not a suable entity. *Waymire*, 114 F.3d at 646–47. Additionally, neglect -- or negligence -- does not rise to the level of a section 1983 constitutional civil rights claim. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)). This claim is **dismissed.**

## II. Summary and Opportunity for Plaintiff to Show Cause

The April 20, 2017, motion to dismiss, dkt. [27], is **granted**. All other claims are dismissed for failure to state a claim upon which relief may be granted. The motion for joinder, dkt. [26], is **denied**. Plaintiff's motion to retain evidence, dkt. [28], is **denied** as moot.

Should plaintiff believe the Court has overlooked a claim or defendant, he has through **May 26, 2017**, to identify those claims or defendants. He shall not, however, bring claims in this action that are already proceeding in other cases.

Because the Court has identified no viable constitutional claims remaining in this action, plaintiff shall have through **May 26, 2017**, in which to either show cause why the entire action should not be dismissed and judgment entered for failure to state a claim upon which relief may be granted, or file an amended complaint that is consistent with the rulings issued in this Entry.

**IT IS SO ORDERED**.

Date: 5/8/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Angelito C. Mercado
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201